IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD S. BAUBLITZ, SR, #288105 | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-09-1565 |
| KATHLEEN GREEN | : | |
| Defendant | : | |

o0o

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 14. Plaintiff was advised of his right to file a Response in Opposition and of the consequences of failing to do so, but has filed nothing further in the case. Paper No. 15. Defendant's motion, construed as a Motion for Summary Judgment, shall be granted for the reasons stated below.

### Background

Plaintiff alleged he was being punished without cause. He stated he was assigned to administrative segregation since September 5, 2008. He claims he was not allowed outdoor recreation the whole time he was on administrative segregation and that he should be assigned to protective custody because he is in fear for his life due to threats by "gang members." As relief, Plaintiff requests an order from this court requiring his assignment to protective custody. Paper No. 1.

Defendant states that Plaintiff was placed on administrative segregation when he told prison officials he feared for his safety because he disaffiliated with the prison gang known as Dead Men Incorporated (DMI). Paper No. 14 at Ex. 1, p. 11. In addition Plaintiff owed money to other gang members for a drug debt and Plaintiff's mother was no longer providing money to support his habit. Id. Plaintiff was kept on administrative segregation until July 31, 2009, when

he was assigned to protective custody where he remains.  Id. at p. 2.  Protective custody inmates are permitted outdoor recreation when the appropriate space is available, security measures are available; and weather permits.  Id. at Ex. 2.  Defendant further asserts that to the extent that Plaintiff did not receive outdoor recreation, he has suffered no harm as a result.

### Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal

quotation marks omitted) (quoting <u>Drewitt v. Pratt</u>, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.</u>, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

The undisputed evidence establishes that Plaintiff's claim is moot because he was assigned to protective custody and remains in that assignment.  Defendant admits there is cause to be concerned for Plaintiff's safety and has taken measures to insure he remains safe. Thus there is no longer a case or controversy to be decided by this court.  With respect to Plaintiff's claim that he was not permitted outdoor recreation, he has failed to come forward with evidence that he was harmed.  The claim must be dismissed.

A separate Order follows.

March 31, 2010                                        /s/
Date                                                      ROGER W. TITUS
                                                              UNITED STATES DISTRICT JUDGE